# THE STATE OF NEW JERSEY, PLAINTIFF, v. WALTER LEE WHITE, DEFENDANT.

Essex County Court
Law Division—Criminal

Decided October 12, 1971.

*Mr. Joseph P. Miele,* Assistant Prosecutor, for the State (*Mr. Joseph P. Lordi,* Prosecutor of Essex County).

*Mr. William P. Ries* for defendant.

BRYNE, J. S. C. (temporarily assigned). Defendant Walter Lee White has moved, prior to trial, to have this court withdraw the issue of capital punishment from consideration by the jury. The application requires an understanding of the impact of *United States v. Jackson,* 390 *U. S.* 570, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968), on *N. J. S. A.* 2A:113–3, 4.

The *Jackson* case involved a federal kidnap statute. It held that a statutory design which allowed a defendant to escape the death penalty by waiving a jury trial suffered constitutional infirmity depriving a defendant of Fifth and Sixth Amendment rights.

The New Jersey Supreme Court had the opportunity to review *N. J. S. A.* 2A:113–3, 4 in the light of *Jackson* and concluded that the United States Constitution is not offended by our statute. *State v. Forcella,* 52 *N. J.* 263 (1968). In that case the United States Supreme Court granted *certiorari* and reversed it on an opinion, *Funicello v. New Jersey,* 403 U. S. 948, 91 *S. Ct.* 2278, 29 L. Ed. 2d 859 (1971), which reads in full as follows:

Facts and opinion, State v. Forcella, 52 N. J. 263, 245 A. 2d 181. June 28, 1971. On petition for writ of certiorari to the Supreme Court of New Jersey. Motion for leave to proceed *in forma pauperis* granted. Petition for writ of certiorari granted. Judgment, insofar as it imposes the death sentence, reversed and case remanded to the Supreme Court of New Jersey for further proceedings. Witherspoon v. Illinois, 391 U. S. 510, 88 S. Ct. 1770, 20 L. Ed. 2d 776 (1968); Boulden v. Holman, 394 U. S. 478, 89 S. Ct. 1138, 22 L. Ed. 2d 433 (1969); Maxwell v. Bishop, 398 U. S. 262, 90 S. Ct. 1578, 26 L. Ed. 2d 221 (1970); and United States v. Jackson, 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968).

The State has sought reconsideration by the United States Supreme Court. The State makes no effort to hide the broad impact of the United States Supreme Court disposition while denying *Funicello* rests squarely on *Jackson.*

*Jackson,* applied to New Jersey, would force amendment of our statute to require either the elimination of capital punishment or the addition of the ability of the court to impose capital punishment despite a jury trial waiver. Perhaps any statutory scheme would run afoul of the United States Supreme Court or a growing public distaste for capital punishment, and perhaps *Jackson* and *Funicello* have effectively abolished capital punishment in New Jersey forever.

In any event, it is not left to a trial court to do anything more than to follow existing law. As of right now that law, as represented by the United States Supreme Court disposition of *Funicello, supra,* and the concession by defendant here that the death penalty provision of *N. J. S. A.* 2A:113-3, 4 is severable (his application being only to eliminate the death penalty from jury consideration), that application must be granted.

The selection of the jury will proceed under *R.* 1:8-3 as in cases where the death penalty is not involved, and this jury will be informed that the death penalty is not here involved.